*264
 
 Overton, J. and Powell, J.
 

 were inclined to think that these covenants were dependent, and not mutual, upon which a jury found a verdict for the defendant. Upon further consideration this opinion was found to be incorrect, and a new trial was granted.
 

 Vide in relation to covenants
 
 dependent
 
 and
 
 independent,
 

 1st. As regarding the intention, 1 T. Rep. 645.-6 T. Rep. 668, 57. 7 T. Rep. 130.
 

 2d. When a day is stated for the performance of a covenant, which performance is the consideration with the other party, and this day may, or is certain to happen before the time of performance by the other party, the covenants are independent. Vide 1 Salk. 170. 1 Ld. Ray. 665. 1 Lutw. 250. 12 Mod. 461. 1 Vent. 177. Peters vs. Opie. 1 Salk. 113, 2 H. B 3 89. 6 T. R. 572.
 

 3d. Where a day is appointed for performance,which is to happen after the thing, (which is the consideration of the performance) is to be done, no action lies before the thing is done. 1 Salk. 171. 12 Mod. 462. 1 L. Ray. 665. 1 Lutw. 251. Dyer 76, pl. 30.
 

 4th. Where a covenant goes to a part of the consideration on both sides, and a breach may be compensated in damages, it is
 
 independent.
 
 1 H. B. 273,
 
 279. 6
 
 T. R. 573.
 

 5th. Covenants going to the whole consideration on both sides, are dependent, and performance must be averred. 1 Vent. 147. 1 H. B. 270.
 

 6th. When two acts are to be done at the same time, it is dependent as to both, and performance must be averred and proved by the plaintiff, so as to enable him to sustain an action. 1 Salk. 112. 2 Salk. 623. Doug. 684, 691. 4 T. Rep. 761. 6. T. Rep. 665.
 
 7
 
 T. Rep. 125.
 

 At December term, 1808, verdict for the defendant.